UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JIMMY ADAMS JR.**                                            **CIVIL ACTION**

**VERSUS**                                                            **NO. 14-1218**

**LT. WESLEY CHRISTMAS ET AL.**                    **SECTION "A"(2)**

### FINDINGS AND RECOMMENDATION

Plaintiff, Jimmy Adams Jr., filed the captioned suit pursuant to 42 U.S.C. § 1983 alleging that he was pepper sprayed and beaten by the defendant officers while housed in the Avoyelles (Bunkie) Detention Center in Evergreen, Louisiana. Adams seeks compensatory monetary damages and injunctive relief. Record Doc. No. 1, Complaint, at ¶ IV, pages 5-6.

By notice dated August 14, 2013, Record Doc. No. 1, p. 8, the Clerk of Court instructed Adams that he must either pay a filing fee or complete a certified pauper application. The Clerk of Court mailed this notice to plaintiff at the address he provided on the complaint. This notice was not returned in the mail, and no response was received. The matter remained dormant.

By a second notice dated May 28, 2014, Record Doc. No. 2, the Clerk of Court advised Adams that he must submit a filing fee or completed pauper application within 21 days of the date of the notice. The record indicates that the Clerk mailed this notice

to plaintiff at the address he provided on the complaint. This notice was returned to the court in the mail marked as undeliverable. Record Doc. No. 3.

Staff of the Clerk of Court then inquired and learned that Adams had been released, and prison officials provided a last known mailing address from prison records. Record Doc. No. 4. On June 17, 2004, the Clerk also mailed another notice to plaintiff at the same address that had been listed on his complaint in case of his release. Record Doc. No. 5. These notices were <u>not</u> returned in the mail, and no response from plaintiff has been received.

Adams himself has <u>not</u> notified the Clerk or the court that his address has changed. All litigants are obligated to keep the court advised of any address change. Local Rules 11.1 and 41.3.1. In addition, the complaint form used by plaintiff to institute this action contains the following declaration dated August 12, 2013, and signed by plaintiff: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." Record Doc. No. 1, Complaint at ¶ VI. Adams has failed to do so.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. <u>Hulsey v. Texas</u>, 929 F.2d 168, 171 (5th Cir. 1991);

McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). Since the plaintiff is proceeding in this case in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

"[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." Lewis v. Hardy, 248 F. App'x 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).

The court has attempted through its notices to plaintiff to obtain from him materials and information necessary to prosecute his case. Plaintiff's failure to respond to the court's notices clearly reflects a failure on his part to prosecute. His failures to comply with the court's notices and rules establish a clear record of delay or contumacious conduct, including the aggravating factor that it has been caused by and is exclusively attributable to plaintiff himself, justifying dismissal. See Torns v. State of Miss. Dept. of Corrections, 262 F. App'x 638, 639 (5th Cir. 2008); Raborn v. Inpatient Management Partners, Inc., 278 F. App'x 402, 404-05 (5th Cir. 2008); Aucoin v. K-Mart, 943 F.2d 6, 8-9 (5th Cir. 1991) (upholding trial court's dismissal for failure to prosecute the slip-and-fall case of a plaintiff who failed to appear as ordered for a status conference).

In an effort to afford this plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to the Magistrate Judge's proposed Findings and Recommendation within fourteen (14) days from the date of service of this report. Plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to plaintiff that his objection should contain a short summary of the

reasons that he failed to comply with the notices of deficiency. It is further suggested that he should also provide the court with the information requested in the notices of deficiency as detailed above.

Adams is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of his suit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

## **RECOMMENDATION**

**IT IS RECOMMENDED** that, if plaintiff Jimmy Adams, Jr. does not file written objections to these Findings and Recommendation, together with a filing fee or a

---

[1] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

completed pauper application, his complaint should be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this ___18th___ day of July, 2014.

                    JOSEPH C. WILKINSON, JR.
                    UNITED STATES MAGISTRATE JUDGE

**THE CLERK IS DIRECTED**
**TO NOTIFY PLAINTIFF AT:**

(1)    Jimmy Adams, Jr. #463201
        Avoyelles Bunkie Detention Center
        P. O. Box 340
        640 Choupique Lane
        Cottonport, LA 71327

(2)    Jimmy Adams, Jr. #463201
        Bunkie Detention Center
        P. O. Box 250
        Evergreen, LA 71333

(3)    Jimmy Adams, Jr.
        1024 S. Dauphin Street
        Bogalusa, LA 70427

(4)    Jimmy Adams, Jr.
        1024 South Dauphine Street
        Bogalusa, LA 70427